IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MICHAEL T. RAND, Reg. No. 25922-058,  )
)
Plaintiff,                                                )
)
v.                                                             )          CASE NO. 2:20-cv-783-MHT-JTA
)                            (WO)
DEMETRIUS SANDERS, *et al*.,                   )
)
Defendants.                                             )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I.   BACKGROUND

On September 30, 2020, Plaintiff Michael T. Rand, while an inmate at the Federal

Prison Camp in Montgomery, Alabama ("FPC Montgomery"), filed this *pro se Bivens*[1]

action. (Doc. No. 1)[2] Rand challenges the constitutionality of actions by certain employees

of the Federal Bureau of Prisons ("BOP") and others named as Defendants[3] in

implementing directives of the Attorney General for evaluating federal inmates for

---

[1] *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).

[2] References to document numbers are to the pleadings, motions, and other materials in the court file, as compiled and designated on the docket sheet by the Clerk. Pinpoint citations are to the page of the electronically filed document in the court's CM/ECF filing system, which may not correspond to pagination on the hard copy of the document presented for filing.

[3] Named as Defendants by Rand are Demetrius Sanders (Case Manager, FPC Montgomery); Barry Briggs (Unit Manager, FPC Montgomery); Denise Rogers (Case Manager Coordinator, FPC Montgomery); Richard Dunbar (Associate Warden, FPC Montgomery); Walter J. Wood (former Warden, FPC Montgomery); Alan Cohen (Warden, FPC Montgomery); Jeffrey Keller (Southeast Regional Director, BOP); Hugh Hurwitz (Assistant Director - Reentry Service, BOP); Andre Matevousian (Assistant Director - Correctional Programs, BOP); David Brewer (Acting Senior Deputy Assistant Director, BOP); Michael Carvajal (Director, BOP); and William Barr (United States Attorney General). (Doc. No. 1 at 1–7.)

placement in home confinement under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), § 12003(b)(2), Pub. L. No. 116-136, 134 Stat. 281 (March 27, 2020). Those directives were set out in BOP memoranda instructing BOP officials to prioritize and increase the use of home confinement to reduce the impact of the COVID-19 pandemic on the federal prison system. (*See* Doc. No. 27 at 2.) According to Rand, the Defendants violated his rights to due process and equal protection under the laws[4] in denying him home confinement under the CARES Act and under the BOP's directives and policies. (Doc. No. 1 at 8–9.) Rand further claims that his continued incarceration amounts to cruel and unusual punishment under the Eighth Amendment. (*Id.* at 9.) He seeks unspecified monetary damages along with injunctive relief in the form of placement in home confinement. (*Id.* at 60–61; Doc. No. 38 at 11–12.)

In August 2021, this court granted Rand's motion to amend his complaint to add a claim that Defendants had conspired to violate his rights when denying him home confinement under the CARES Act. (*See* Docs. No. 31, 37.) In September 2021, this court granted Rand's request that his complaint be construed as "hybrid," i.e., as containing both a *Bivens*-type suit and a petition for writ of habeas corpus under 28 U.S.C. § 2241. (Docs. No. 38, 51.) Rand requests habeas relief in the form of placement in home confinement. (*See* Doc. No. 38 at 8–10.)

Pursuant to the court's orders, Defendants filed a special report, a second special report, and supporting evidentiary materials (Docs. No. 27, 51) addressing the claims in

---

[4] Rand asserts that Defendants preferentially selected African-American inmates for home confinement under the CARES Act. (*See* Doc. No. 1 at 13.)

Rand's complaint as amended and addressing Rand's claims for habeas relief. Regarding Rand's *Bivens*-type claims, Defendants argue that this case should be dismissed because, before filing his civil action, Rand failed to exhaust the administrative remedies available to him regarding his claims. (Doc. No. 27 at 10–13; Doc. No. 51 at 13–16.) Defendants base their exhaustion defense on Rand's failure to comply with the BOP's internal administrative remedy procedure for its inmates. *Id*. Regarding Rand's claims for relief under 28 U.S.C. § 2241, Defendants seek dismissal of said claims on grounds that district courts lack authority under the CARES Act and § 2241 to order the BOP to place a defendant in home confinement. (Doc. No. 51 at 11–12.)

After receiving Defendants' special reports, the court issued orders providing Rand the opportunity to file responses. (Docs. No. 28, 52.) The orders directed Rand to address, among things, Defendants' argument that he failed to exhaust his available administrative remedies. (Doc. No. 28 at 1–2; Doc. No. 52 at 2.) The orders also advised Rand that his responses should be supported by sworn affidavits or other appropriate evidentiary materials. (Doc. No. 28 at 3–4; Doc. No. 52 at 3.) The orders further cautioned Rand that unless sufficient legal cause was shown within 15 days of entry of the orders "why such action should not be undertaken, . . . the court may at any time [after expiration of the time for his filing a response] and without further notice to the parties (1) treat the special report and any supporting evidentiary materials as a dispositive motion and (2) after considering any response as allowed by this order, rule on the motion in accordance with the law." (Doc. No. 28 at 4; Doc. No. 52 at 3–4.)

3

Rand filed responses to Defendants' special reports. (Docs. No. 29, 53, 54.) In response to Defendants' exhaustion defense, Rand maintains that the BOP's administrative remedy procedure was effectively "unavailable" to him because, after the Warden's denial of his grievances involving his present claims, he pursued his administrative remedies by submitting appeals to the BOP's Regional Director, but the Regional Director did not process those appeals and has no record of having received them. (Doc. No. 29 at 17–20; Doc. No. 53 at 9; Doc. No. 54 at 7–8.) Rand also contends that his administrative remedies should be considered exhausted because his complaint involves "explosive allegations in today's racially sensitive environment," so that the process of full administrative review would subject him to undue prejudice. (Doc. No. 1 at 51.)

To support their special report, Defendants produced the Declaration of Sarah K. Allison-Love, Senior Attorney for the BOP at U.S. Penitentiary in Atlanta, Georgia (Doc. No. 27-1), who avers that institutional records for the BOP reflect that Rand filed three remedies and three resubmissions regarding his present claims, but only at the local level; i.e., Rand did not exhaust the BOP's administrative remedy process. (Doc. No. 27-1 at 4–6.)

"[A]n exhaustion defense . . . is not ordinarily the proper subject for a summary judgment; instead it should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment." *Bryant v. Rich*, 530 F.3d 1368, 1374–75 (11th Cir. 2008) (internal quotations omitted); *Trias v. Florida Dept. of Corrections*, 587 F. App'x 531, 534 (11th Cir. 2014) (district court properly construed defendant's "motion for summary judgment as a motion to dismiss for failure to exhaust administrative remedies").

4

Therefore, this court will treat Defendants' special reports as a motion to dismiss Rand's *Bivens* action.

In addition, this court construes Defendants' special report as a motion to dismiss Rand's claims for relief under 28 U.S.C. § 2241.  (*See* Doc. No. 51 at 11–12.)

## II.   EXHAUSTION IN *BIVENS* ACTIONS

Section 1997e(a) of the PLRA states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Eleventh Circuit has recognized that "[t]he plain language of the statute makes exhaustion a precondition to filing an action in federal court." *Higginbottom v. Carter*, 223 F.3d 1259, 1261 (11th Cir. 2000) (quoting *Freeman v. Francis*, 196 F.3d 641, 643–44 (6th Cir. 1999)). Because exhaustion is mandated by the statute, a court has no discretion to waive this requirement. *Alexander v. Hawk*, 159 F.3d 1321, 1325–26 (11th Cir. 1998); *see Myles v. Miami-Dade County Correctional and Rehabilitation Dept.*, 476 F. App'x 364, 366 (11th Cir. 2012).

Under the PLRA, a federal prisoner cannot bring a *Bivens* action until he has exhausted his available administrative remedies. *See Alexander*, 159 F.3d at 1323–24; *Porter v. Nussle*, 534 U.S. 516, 524 (2002) ("[F]ederal prisoners suing under *Bivens* . . . must first exhaust inmate grievance procedures just as state prisoners must exhaust administrative processes prior to instituting a [42 U.S.C.] § 1983 suit."). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve

general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532.

> When deciding whether a prisoner has exhausted his remedies, the court should first consider the plaintiff's and the defendants' versions of the facts, and if they conflict, take the plaintiff's version of the facts as true.  If in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed. If the complaint is not subject to dismissal at this step, then the court should make specific findings in order to resolve the disputed factual issues related to exhaustion.

*Myles*, 476 F. App'x at 366 (citations and internal quotations omitted). Consequently, a district court

> may resolve disputed factual issues where necessary to the disposition of a motion to dismiss for failure to exhaust [without a hearing]. The judge properly may consider facts outside of the pleadings to resolve a factual dispute as to exhaustion where doing so does not decide the merits, and the parties have a sufficient opportunity to develop the record.

*Trias,* 587 F. App'x at 535. The Eleventh Circuit has rejected an inmate-plaintiff's argument that "disputed facts as to exhaustion should be decided" only after a trial either before a jury or judge. *Id*. at 534.

After reviewing Rand's complaint and submissions and Defendants' dispositive motion and supporting evidentiary materials, the court concludes that Defendants' motion to dismiss Rand's *Bivens* action based on his failure to exhaust his administrative remedies should be granted. And regarding Rand's claims for habeas corpus relief under 28 U.S.C. § 2241, the court concludes that Defendants' motion to dismiss should be granted.

### III.   DISCUSSION

**A.   *Bivens* Action**

The BOP has established regulations setting forth the procedures a prisoner must follow before seeking relief from a district court. *Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir. 1992); *see* 28 C.F.R. § 542.10–.19. Generally, a prisoner must complete a three-step sequential process if the informal resolution procedure—sometimes called a BP-8—fails to resolve the issue. As to the formal administrative remedy procedures, an inmate first must submit a Request for Administrative Remedy on the BP-9 grievance form to the Warden within twenty days of the incident. *See* 28 C.F.R. § 542.14(a). If the inmate is not satisfied with the Warden's response, he may submit an appeal on the BP-10 form to the Regional Director within twenty days of the Warden's response. *See* 28 C.F.R. § 542.15(a). If the inmate is dissatisfied with the Regional Director's response, he may submit an appeal on the BP-11 form to the General Counsel within thirty days of the Regional Director's response. *Id*. (*See* Doc. No. 27-1 at 3–4.)

In her Declaration submitted by Defendants with their special report, Sarah K. Allison-Love, Senior Attorney for the BOP at U.S. Penitentiary in Atlanta, avers that in her official capacity, she has access to official records maintained by the BOP and is familiar with the administrative remedy for inmates set forth in the BOP Program Statement 1330.18 and 28 C.F.R. part 542, Subpart B. (Doc. No. 27-1 at 2–6.) Allison-Love states she is familiar with the BOP computer system—SENTRY—which contains inmate information, including tracking information of administrative remedies filed by inmates. (*Id.* at 2–4.) Allison-Love further states that these institutional records reflect that

Rand filed three remedies and three resubmissions regarding his present claims, but he did so only at the local (BP-9) level, and he filed no appeals to the regional or central offices. (*Id*. at 4–5; *see also id*. at 8–13.)

Defendants contend that Rand's *Bivens* action should be dismissed because he did not exhaust the administrative remedy provided by the BOP before filing his complaint, as required by the PLRA. (Doc. No. 27 at 10–13; Doc. No. 51 at 13–16.) The record reflects that Rand did not complete the BOP's administrative remedy process regarding the claims in his complaint. According to BOP records, although Rand filed three remedies and three resubmissions regarding his present claims, he did so only at the local level and failed to pursue any appeals. (Doc. No. 27-1 at 4–6.) Therefore, Defendants say, Rand did not proceed past the BP-9 grievance level with his claims, and he submitted no BP-10 appeal to the Regional Director and no BP-11 appeal to the General Counsel after that.

Rand asserts that in the alleged instances, he submitted appeals to the BOP's Regional Director. (Doc. No. 29 at 17–20; Doc. No. 53 at 9; Doc. No. 54 at 7–8.) According to Rand, however, because the Regional Director has no record of receiving or acting upon his appeals, the administrative remedy process was rendered "unavailable" to him, and his failure to exhaust should be excused. (Doc. No. 29 at 17–20; Doc. No. 53 at 9; Doc. No. 54 at 7–8.) Rand also maintains that his administrative remedies "should be considered exhausted" because his complaint involves "explosive allegations." (Doc. No. 1 at 51.)

"[M]andatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion." *Ross v. Blake*, 578 U.S. 632, 639 (2016). However, "[a] prisoner need not exhaust remedies if they are not available." *Id*. at 635

(internal quotation marks omitted). Generally, a remedy is "available" when it has "sufficient power or force to achieve an end,[or is] capable of use for the accomplishment of a purpose[.]" *Booth v. Churner*, 532 U.S. 731, 737 (2001) (internal quotation marks omitted). The Supreme Court has delineated three circumstances that may render administrative remedies unavailable:

> (1) when the administrative procedure "operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) where the administrative scheme is "so opaque that it becomes . . . incapable of use . . . [and] no ordinary prisoner can discern or navigate it"; and (3) when "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation."

*Geter v. Baldwin State Prison*, 974 F.3d 1348, 1355 (11th Cir. 2020) (quoting *Ross*, 578 U.S. at 644).

Here, Rand does not sustain his claim that the administrative remedy process was unavailable to him. Defendants have submitted records showing that, although Rand filed three remedies and three resubmissions regarding his present claims, he did so only at the local level and pursued no appeals past the BP-9 grievance level. (Doc. No. 27-1 at 4–6.) Although Rand asserts that he filed appeals to the BOP's Regional Director (the BP-10 level), which were not recorded as received, the materials he has submitted do not demonstrate that he filed any timely appeals to the Regional Director.

Further, Rand did not proceed to the BP-11 level of review by filing a BP-11 appeal to the BOP's General Counsel after obtaining no response to the BP-10 appeals he says he filed with the Regional Director. To the extent that Rand maintains he did not receive responses to his appeals to the Regional Director, 28 C.F.R. § 542.18 dictates that he "may

consider the absence of a response to be a denial at that level" and proceed to the next appeal level. *See Coburn v. Spaulding*, No. 3:20-CV-01389, 2021 WL 3026851, at *7 (M.D. Pa. June 15, 2021) (denying request for placement in home confinement where inmate failed to exhaust). When faced with the alleged non-responses to the appeals he says he filed to the Regional Director, Rand opted not to proceed to the next appeal level. He therefore fails to demonstrate that the administrative remedy process was unavailable to him.

Rand also maintains that his administrative remedies should be considered exhausted because his complaint involves "explosive allegations" of racial discrimination. (Doc. No. 1 at 51.) However, this alleged special circumstance is inadequate to excuse his failure to exhaust. *See e.g., Swain v. Junior*, 961 F.3d 1276, 1292 (11th Cir. 2020); *Gess v. USMS*, No. 20-CV-01790-PAB-STV, 2020 WL 8838280, at *5-7 (D. Colo. Dec. 10, 2020).

Here, the evidentiary record demonstrates that, despite Rand's contentions to the contrary, Rand had an administrative remedy available to him during his confinement at FPC Montgomery. But Rand failed to exhaust the three-tiered administrative remedy process set forth at 28 C.F.R. §§ 542.10–.19 regarding his claims. Further, the record shows that the administrative remedy is no longer available to Rand because he is currently in home confinement. (*See* Doc. No. 51 at 9.) Dismissal of Rand's *Bivens* action with prejudice is therefore appropriate. *Bryant*, 530 F.3d at 1375 n.1; *Marsh v. Jones*, 53 F.3d 707, 710 (5th Cir. 1995) (holding that "[w]ithout the prospect of a dismissal with prejudice, a prisoner could evade the exhaustion requirement by filing no administrative grievance or by intentionally filing an untimely one, thereby foreclosing administrative remedies and

10

gaining access to a federal forum without exhausting administrative remedies."); *Berry v. Kerik*, 366 F.3d 85, 88 (2d Cir. 2004) (footnotes omitted) (holding that inmate's "federal lawsuits [were] properly dismissed with prejudice" where previously available administrative remedies had become unavailable).

**B.    Petition for Habeas Corpus Relief Under 28 U.S.C. § 2241**

To the extent Rand seeks habeas corpus relief under 28 U.S.C. § 2241, his petition is due to be dismissed. The district court lacks the authority to grant the habeas relief Rand requests—i.e., ordering the BOP to place him in home confinement. *See Touizer v. U.S. Att'y Gen.*, 2021 WL 3829618, at *2 (11th Cir. Aug. 27, 2021); *Brown v. Att'y Gen.*, Case No.: 3:20-cv-661-J-32JBT, 2020 WL 4582732, at *2 (M.D. Fla. Aug. 10, 2020) (collecting authority). Hence, Defendants are entitled to dismissal of Rand's § 2241petition.

Further, since initiating this suit, Rand has been placed in home confinement,[5] rendering moot his request for habeas corpus relief. "[A] case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Soliman v. U.S. ex rel. INS*, 296 F.3d 1237, 1242 (11th Cir. 2002); *Biester v. Lanier*, 249 F. App'x 782, 783 (11th Cir. 2007). Because Rand has been placed in home confinement, this court cannot give him further meaningful relief by a favorable decision on his habeas petition. *See, e.g., Munoz v. Rowland*, 104 F.3d 1096, 1097–98 (9th Cir. 1997). Rand's § 2241 action is therefore moot and Defendants are entitled to dismissal on that ground as well.

---

[5] *See* Doc. No. 51-1 at 2.

## IV.   CONCLUSION

It is the RECOMMENDATION of the Magistrate Judge that:

1.  Defendants' motion to dismiss (Doc. Nos. 27, 51) be GRANTED to the extent Defendants seek dismissal of Rand's *Bivens* action due to his failure to properly exhaust an administrative remedy available to him before initiating this civil action.

2.  Rand's *Bivens* action be DISMISSED with prejudice under 42 U.S.C. § 1997e(a) for Rand's failure to properly exhaust an administrative remedy previously available to him.

3.  Defendants' motion to dismiss Rand's petition for writ of habeas corpus under 28 U.S.C. § 2241 (Doc. No. 51) be GRANTED.

4.   Rand's petition for writ of habeas corpus under 28 U.S.C. § 2241 be DISMISSED.

It is further

ORDERED that the parties shall file any objections to this Recommendation by **August 18, 2023**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v.*

*Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982*). See also Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 3rd day of August, 2023.


_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE